IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 23-CR-0067 KG

NOE SAUCEDO-SAUCEDO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant Noe Saucedo-Saucedo's Motion to Dismiss the Indictment (Doc. 21). The Motion is fully and timely briefed. (Docs. 25, 27). Having considered the briefing and the applicable law, the Court denies the Motion.

      Mr. Saucedo-Saucedo is charged with illegal reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). (Doc. 14). Courts have established that if a predicate deportation is invalid, a felony reentry charge cannot stand. *E.g.*, *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1619 (2021). So, a reentry defendant can collaterally challenge their first removal to undermine a reentry charge. *See* 8 U.S.C. § 1326(d).

      Ordinarily, a prior removal order enjoys a presumption of regularity which a defendant must overcome by meeting 8 U.S.C. § 1326(d)'s three requirements. *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010). To bring collateral attacks against predicate removal orders, defendants must demonstrate that (1) they "exhausted any administrative remedies that may have been available to seek relief against the order," (2) the removal proceedings "improperly deprived [them] of the opportunity for judicial review," and (3) "entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The defendant has the burden of

making § 1326(d)'s three-part showing by a preponderance of the evidence. *United States v. Gonzalez-Fierro*, 949 F.3d 512, 521 n.7 (10th Cir. 2020).

Mr. Saucedo-Saucedo does not, however, attempt to show the three prerequisites. *See* (Doc. 27) at 1 ("Defendant concedes that he has not satisfied the additional showings required in 8 U.S.C. 1326(d)"). Instead, Mr. Saucedo-Saucedo urges dismissal of his reentry indictment with a two-part theory. First, he argues that the Final Administrative Removal Order from his first deportation lacks a signature, and because the Immigration Court Practice Manual, § 3.3(b), requires signatures for all court filings, the removal order is not only deficient but is in fact non-existent. (Doc. 21) at 3, 6. Second, he argues that because the Order is non-existent, this challenge is not a collateral challenge of a prior removal—after all, no such removal technically exists under this theory—and so he should not be required to meet the § 1326(d) requirements. *Id.* at 4, 6.

The Court is not persuaded on either argument. First, Mr. Saucedo-Saucedo has not carried his burden of persuasion to show that the lack of a signature means that the prior Order ceases to exist. Mr. Saucedo-Saucedo does not point to a statutory or constitutional mandate which would require such a drastic remedy—neither § 1326 nor 8 C.F.R. § 238.1, governing expedited removals, mandate a signature or indicate that without a signature an Order would cease to exist. Mr. Saucedo-Saucedo points to a Court Practice Manual, which is apparently the equivalent of the rules of procedure for administrative immigration courts, for the signature requirement. (Doc. 21) at 5.

The rule states that a court document filed without a signature "is not properly filed." *Id.* But beyond that, he does not cite to any other immigration court authority for the proposition that submitting a court filing without a proper signature renders the document non-existent. Nor does

he point to authority showing that the Court Practice Manual applies to the order of removal in an expedited removal case, which would have been directed by the Department of Homeland Security outside an immigration court adjudication process. The Court, therefore, construes the signature requirement as a rule of immigration court procedure enforceable by that court, but not as a magic spell which—poof!—erases the order from existence on this Court's review.

Second, the Court is not persuaded that a procedurally deficient order is categorically different and separate from other types of collateral challenges such that the rules governing collateral attacks need not apply. All collateral attacks on some level challenge the validity and enforceability of a prior order of removal. This challenge is no different. The Court presumes that the signature-less order could have been challenged in the immigration court and/or appealed at that time but was not—something the Government also points out. (Doc. 25) at 7–8. In fact, Mr. Saucedo-Saucedo appears to have willingly waived his right to contest his removal. *Id.* at 2 (citing Ex. 2). Given the availability of a remedy for the signature deficiency, the Court determines that holding Mr. Saucedo-Saucedo to the § 1326 exhaustion requirement is reasonable.

For these reasons, the Court construes the Motion to Dismiss as a collateral challenge and concludes the § 1326(d) requirements apply. Because Mr. Saucedo-Saucedo makes no attempt to show he met the § 1326(d) requirements, his collateral challenge of his prior removal fails. The Motion to Dismiss is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE